[No. 4107.]

## The City of Leadville v. The St. Louis Smelting and Refining Co. et al.

This case is reversed for the same reasons as given in the opinion in the case of the City of Leadville v. The Coronado Mining Co. et al., ante p. 17.

*Appeal from the District Court of Lake County.*

The complaint alleges: That The St Louis Smelting and Refining Company, being the owner of certain portions of the Starr placer mining claim in Lake county, Colorado, on April 18 and on June 30, 1879, caused the said premises to be laid out, surveyed, and platted as the St. Louis Smelting and Refining Company's Addition to the city of Leadville, and The St. Louis Smelting and Refining Company's Second Addition to the city of Leadville, and indorsed upon the plats thereof respectively, its dedication and conveyance, in the following words: "And the said company hereby dedicates and conveys to said city as public property the streets and alleys so as aforesaid laid off, marked and designated as such on said plat;" that the said company designated upon said plats certain streets, avenues and

other public places as for public use; that the said plats were approved by the city council of the city of Leadville according to law, and that the said plats were filed in the clerk and recorder's office of the county of Lake and with the city clerk of the city of Leadville; that immediately after the dedication of said premises respectively, the said city of Leadville entered into possession thereof, and has ever since been in the absolute and undisturbed possession of the said premises until about the year 1895, when The Bohn Mining Company wrongfully and unlawfully, and without the authority of the plaintiff, by means of certain underground levels, entered upon and into the streets, avenues, and alleys belonging to the plaintiff as aforesaid and began to excavate thereon and therein, and that it has extracted therefrom, and converted to its own use, large quantities of silver and lead bearing ores, of great value, to-wit, of the value of $150,000; that the defendants wrongfully and unlawfully withheld the said premises from the plaintiff; that The Bohn Mining Company is in possession of the premises as aforesaid, as lessee of The St. Louis Smelting and Refining Company, and justifies its trespass as such lessee. And prays for damages in the sum of $150,-000, that a temporary writ of injunction issue, and that upon final hearing said injunction be made perpetual.

The answer admits that certain pretended plats or portions of the Starr placer mining claim were filed with the clerk and recorder of Lake county on the 18th of April and the 30th of June, 1879, and that alleged agents of said company indorsed upon said plats respectively, the language set out in the complaint; that said company claims that it is the owner

and entitled to the possession of the mineral beneath the surface of said premises described in the complaint as streets and alleys, and denies every other allegation of the complaint; alleges that The St. Louis Smelting and Refining Company leased the said premises to A. V. Bohn, that A. V. Bohn assigned said lease to the Bohn Mining Company, and that since about the 1st of June, 1894, the said Bohn and his assignees have been in the open, notorious, and exclusive possession of said premises, with the knowledge of the plaintiff, and plaintiff has not, in any manner, protested against such occupancy, until the commencement of this suit; that all the ores and minerals which have been discovered or disclosed, have been at a depth of more than four hundred feet below the surface, and that such mining operations have not interfered, and will not in any way interfere, with the use of the premises as streets or highways; that the plaintiff has no power to acquire, take, hold, use, enjoy, lease, operate, sue for, or in any way deal in, mines, mining claims, or mining property, or the minerals therein contained.

Upon the trial, deeds from Thomas Starr, August Meyer, and The Agassiz Town Company to the St. Louis Smelting and Refining Company, purporting to convey to said company the property in controversy, were admitted in evidence; also, powers of attorney from said company to John B. Maude and James R. Loker. Plaintiff offered exhibit No. 1, which purports to be a certified copy from the records of Lake county, recorded in book 17, and filed in said office on the 18th of April, 1879, and purports to be a map or plat of The St. Louis Smelting and Refining Company's Addition to the City of Leadville; exhibit No. 5, which purports to be

a copy of the St. Louis Smelting and Refining Company's Addition to the City of Leadville, dated April 16, 1879 ;and exhibit No. 6, purporting to be a certified copy of a plat of the same addition dated April 18,1879. These plats were objected to, and the objections sustained..

Plaintiff offered the records of the city of Leadville containing the proceedings of the city council on May 1, 1879, showing action by the city council upon the plat of said company's addition to Leadville. Upon objection the offer was refused.

Plaintiff offered exhibit No. 4, purporting to be a certified copy of The St. Louis Smelting and Refining Company's Second Addition to the City of Leadville, filed in the county clerk and recorder's office June 1, 1879. William M. Clark, former city clerk of Leadville, testified that while he was clerk he had in his office as such clerk, maps or plats of the said additions.

Plaintiff offered to show that immediately after the action of the city council, the city took possession of the property, and that it has been in possession of the streets and alleys ever since; and offered certain resolutions of the city council showing that the streets and alleys within the additions were, from time to time, after the execution of these plats, ordered improved; and offered to show that, after the execution of these plats, the city did spend large sums of money in the improvement of these streets and alleys, which offers were, upon objection, refused. At the close of plaintiff's testimony, defendant moved for a nonsuit, which was granted.

The specific objections of the defendants to the exhibits offered were as follows: "Because said plat does not set forth all the streets, alleys, avenues and highways and the width thereof; because said

plat does not set forth all parks, squares and other grounds reserved for public use or any of them; because said plat does not set forth all or any lots and blocks or boundaries, designating such lots and blocks by number, and does not give the dimensions and numbers of such lots claimed thereon; because said plat does not show the topography of the property described therein; because it does not appear from the evidence that the plat was approved by three-fourths of the members elected to the city council, prior to the time of its recording in the office of the clerk and recorder of Lake county, or at any other time; because it appears from the evidence that the only map alleged to have been approved by the city council was alleged to have been approved at a date subsequent to the recording of said plat in the office of said county clerk and recorder; because it does not appear from the evidence that the plat alleged to have been approved by the city council was ever filed with its clerk and recorder, as provided by law; because it does not appear that the alleged plat, or any plat, was filed in the office of the clerk and recorder. Said exhibit is further incompetent, irrelevant and immaterial for the reason that it does not tend to prove any issue in this case, for the reason that it does not grant or convey to the plaintiff the right to the ore body or premises in question, or to mine the same, or to prevent the defendants from mining the same. Further, because it appears from the evidence that the authority said to have been granted to said Maude by said company could only have been effected by the agent of said company, authorized by said company, and no authorization is shown to have been given for the execution of said plat. Further, because said Maude by the said power was only auth-

orized to dedicate the said streets and alleys, and because it was not in the power or authority of the said St. Louis Smelting and Refining Company to lay out the streets and alleys, lots and blocks, therein specified. Because it does not appear that said territory was within the city of Leadville; because the city of Leadville has no power to take and hold mining property. Defendant objects to exhibit 4 for the same reasons made to exhibit 1, and in addition thereto, for the reason that it has not been shown or attempted to be shown that the alleged plat had been, by the owner or owners of said alleged addition submitted to the city council or board of trustees of the city of Leadville, or that it had been approved, or attempted to have been approved, by said board or any members thereof. Because it affirmatively appears therefrom that The St. Louis Smelting and Refining Company was not the owner of all the property in said exhibit at the time of the alleged dedication. Defendants object to exhibit 6 for the reasons as made to exhibit 1, with the additional objection that the same appears to have been altered and changed since the date of the original filing, which alteration and change has not been explained in the evidence. Defendant objects to the introduction of exhibit 5 for the reasons contained in the objections to exhibit 1, and the further objection that it does not appear that it was filed as a plat or map with any official of the city of Leadville or the county of Lake, or that it was ever delivered to any person authorized to receive the same; and for the further reason that it is not a copy of maps, exhibits 6 or 4; and for the further ground that no specific grounds have been laid for its introduction. Defendants object to exhibits 1, 6, and 5 for the reason that

it is not shown that the company had any title to the ground at the date of their alleged execution.

The court, in granting the non-suit, held that sections one and two of article eleven of chapter 84 of the Revised Statutes (R. S. '68, p. 618) were not repealed by the law of 1877; and that the plats offered in evidence did not comply with the sections referred to; and that there was no affirmative proof of the acceptance of said plats by the city council of Leadville. Judgment was rendered for the defendant, from which judgment the plaintiff appeals to this court.

Mr. T. A. DICKSON, Mr. R. D. McLEOD and Messrs. PATTERSON, RICHARDSON & HAWKINS for appellant.

Messrs. HALL, BABBITT & THAYER and Mr. JOHN A. EWING for appellees.

Mr. JUSTICE STEELE delivered the opinion of the court.

The case of the *City of Leadville v. The Coronado Mining Company et al.*, decided at this term of court, is decisive of this. There are questions of detail, concerning the filing of the plats, and the manner of acceptance by the city, presented in this case, which do not appear in the case mentioned. The character of the litigation is the same, however, and the title of the city is assailed upon practically the same grounds in both cases. There are two adjoining additions to Leadville involved in this controversy,— The St. Louis Smelting and Refining Company's Addition and The St. Louis Smelting and Refining Company's Second Addition; and, for convenience, they will be designated as the first and second additions respectively. The plats of the first addition,

exhibits 1 and 6, appear to have been executed, acknowledged and filed for record the same day, April 18, 1879, another plat exhibit 5 was executed and acknowledged April 16, 1879, but does not appear to have been filed for record with the county clerk. It was shown by the testimony, that there was filed with the city clerk prior to the acceptance by the city council, maps and plats of the two additions, and that, at the time of trial, there were no plats on file with the city clerk. The testimony also shows that exhibits 5 and 6 bear the genuine signature of John B. Maude. On May 1, 1879, the map of the first addition was approved by the city council; the record reciting that, "On motion, the resolution was adopted on a unanimous vote of the council declared on roll-call." The plat of the second addition was executed and acknowledged on June 30, and filed for record July 1. No record of approval by the city council was offered concerning the plat of the second addition. The plats of the first and second additions were executed under powers of attorney, by John B. Maude and J. R. Loker respectively. Exhibits 1 and 5 do not designate the dimensions of all the streets and alleys; figures indicating the width of some of the streets do appear, however, and the lots and blocks are numbered; and a survey having been made, a competent surveyor, from the data contained in the description of the territory, could have accurately located any lot or block or alley in the addition and ascertained the dimensions thereof. The second addition contains a small tract of land which is connected with the first addition on the northeast corner. While no dimensions are given on the plat (exhibit 4) of the lots or blocks or streets or alleys the dimensions can be ascertained and the property

dedicated, determined. Exhibit 6 was separately objected to upon the ground that the file-mark was a forgery, but no ruling appears to have been made upon that objection. This plat is certified to by the county clerk as being a copy of a plat on file in his office.

We are of opinion that in the execution of the plats the defendant company complied substantially with the statute (2 Mills Ann. Stat. § 4373), and that exhibits 1, 4, 5, and 6 should have been admitted as *prima facie* evidence of their contents. The case of *Steckart v. City of East Saginaw*, 22 Mich., 104, is relied upon by counsel for the defendants in support of their contention that the records of the city showing that the plat was adopted upon a unanimous vote of the city council, declared "on roll-call," is not proof of the approval by a vote of three-fourths of the members elected to the city council. The case is clearly distinguishable from the case at bar. That was an action to restrain the city from the collection of an assessment levied by the city; and the charter of East Saginaw required that upon all questions of that character, the votes of all the members should be entered at large upon the minutes. This is an action by the city against a company which, many years ago, made a gift of property which it now seeks to evade; and there is no statute in Colorado requiring the votes of all the members to be entered at large upon the minutes. We think, however, the record of the city is a complete answer to the claims of defendants. The record states that the resolution was adopted upon a unanimous vote of the council, declared on roll-call; unless we indulge presumptions against the truthfulness of this record, the vote of all the members of the city council was in favor of

the resolution.   The plats of the first addition, then, were approved by three-fourths of the members of the city council, as required by our statute.

One of the many objections urged by the defendants to these plats was that they were filed with the county clerk and recorder before they were submitted to and approved by the city council.   There is no evidence when the plats were submitted to the city council: the record does show that they were filed before approval.   The provision which prohibits the filing of the plat before submission to, and approval by, the public authorities is merely directory.   The precise order in which the plat is filed and accepted can not, in our opinion, affect an otherwise valid dedication.   Moreover, these plats were in the possession of the defendant and were its property ; they were filed in the clerk and recorder's office before approval, with knowledge of the law.   If a wrong was committed, the defendant committed it, and it cannot now, after the lapse of time, be heard to say that its own wrong defeated its grant.

Counsel complain that it cannot be told which of these plats was approved by the city council; that no witness was produced who could say which particular plat was submitted to the council.   That does not concern the city;   the defendant, if there is any confusion, caused it by filing two plats with the county clerk and another with the city clerk, all of them duly and properly executed.   The defendant should explain, not the city; for the rule is, that the city is presumed to have accepted that plat which is most beneficial, and the court will resolve all doubts against the donor.

While there is no record of acceptance of the plat of the second addition, the city, with the assent of

the company, took possession of the streets at or about the time of the dedication, and has been in possession of the streets, and has improved them from time to time, ever since. Under such circumstances, as against the donor, an acceptance will be presumed. "An acceptance, after the lapse of ten years, may well be presumed, no light proof of which is the act of bringing this suit." *Des Moines v. Hall*, 24 Iowa, 234.

The powers of attorney under which these dedications were made are broad enough to authorize a conveyance. On each plat is indorsed the following: "And the said company hereby dedicates and conveys to said city as public property the streets and alleys so as aforesaid laid off, marked, and designated as such on said plat." This, as we have shown in the case of *Leadville v. Coronado Mining Company*, is the conveyance of the fee independently of the dedication, but does not enlarge the estate granted by the dedication; and the fee having passed by the dedication as well as by the conveyance, it follows that the defendants have not the right to extract ores from beneath the surface without the consent of the proper authorities of the city.

It is contended that the word "fee," as used in the statute, is a base, determinable, or qualified fee, and that a coveyance of the fee in streets and alleys grants only a fee in the surface. The definition of the word *fee*, in American law, as given by Black's Dictionary, is, "It is an absolute estate in perpetuity, and the largest possible estate a man can have, being in fact, allodial in its nature;" and this appears to be the generally accepted definition.

In the case of *Zinc Company v. City of La Salle*, 117 Ill. 411, it is held that "The fee vested in the corpo-

ration by a statutory dedication is a qualified, base or detrminable fee, which may continue forever, but is liable to be determined by some event or act circumscribing its continuance, as, for instance, by the vacation of the plat, or the entire and permanent abandonment and disuse of the street by the public and abutting lot owners." In this sense, the fee of the city of Leadville is a qualified, base, or determinable fee; but the absolute control and dominion over the streets is not impaired, nor did the donor convey less than his entire estate by the dedication and conveyance, and the interest which the abutting lot owners have is a mere possibility that at some future time the streets will be abandoned, in which event the fee will pass to them by operation of law.

For the reasons assigned herein and in the case of the *City of Leadville v. The Coronado Mining Company*, the judgment of the district court is reversed and the cause remanded.

*Reversed.*

### On Petition for Rehearing.

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concurring specially.

We concur in the judgment of reversal for reasons similar to those given in *City of Leadville v. Coronado Mining Co., et al., ante* p. 17. Having in that opinion sufficiently stated our views, they need not be repeated here, but are to be observed by the trial court in case further proceedings be had.

The petition for rehearing should be denied, the judgment reversed, and the cause remanded with instructions, if a new trial be had, that it be in accordance with the views above referred to.

*Reversed.*